BLANK ROME LLP
Attorneys for Plaintiff
Richard V. Singleton II
Alan M. Weigel
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUN - 2 2011 ★
BROOKLYN OFFICE

ORIGINAL

CV 11 - 2636

TOWNES, J.

REYES, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MORAN TOWING CORPORATION

           Plaintiff,

-against-

THE BARGE NEW JERSEY, HER TACKLE,
ETC. *IN REM*, THE BARGE NEW YORK,
HER TACKLE, ETC. *IN REM*, AND
AMERICAN STEVEDORING INC., *IN
PERSONAM*

           Defendants.

11 Civ. _____ ( )

**VERIFIED COMPLAINT**

Plaintiff, Moran Towing Corporation, by its attorneys Blank Rome LLP, complaining of the above-named defendants alleges upon information and belief:

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333, as herein after more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Moran Towing Corporation ("Moran") is a corporation organized and existing under the laws of New York, having its principal place of business at 50 Locust Avenue, New Canaan, Connecticut 06840-4737.

3. On information and belief, American Stevedoring Inc. ("ASI") is a New York corporation having its principal place of business at 70 Hamilton Avenue, Brooklyn, New York 11231.

4. The barge NEW JERSEY is a barge bareboat chartered to, operated by, and/or otherwise controlled by ASI.

5. The barge NEW YORK is a barge bareboat chartered to, operated by, and/or otherwise controlled by ASI.

6. On or about November 25, 1988, ASI and Moran entered into a contract (hereinafter "the Contract") whereby Moran agreed to provide towing services to the NEW YORK (ex BOSTON TRADER) and other barges designated by ASI in consideration of ASI remitting to Moran payments for said services "without discount, at Moran's office, within 45 days of rendering an invoice for the towage contracted for." A true and correct copy of the Contract is attached to this Complaint.

7. At ASI's request Moran provided the agreed towing services to the barges NEW JERSEY and NEW YORK, fully performed its obligations under the Contract, and duly invoiced ASI.

8. ASI has failed to pay in full for the towing services performed by Moran under the Contract and presently owes to Moran a total of $1,239,344.87 of which $615,155.78 is for towage services performed for the NEW JERSEY and $623,789.09 is for towage services performed for the NEW YORK.

9. All amounts due Moran are for invoices that have been outstanding for more than 45 days, and the majority of the amounts due are for invoices that have been outstanding for over six (6) months.

10. The total due of $1,239,344 remains outstanding, notwithstanding Moran's repeated requests for payment.

11. On May 4, 2011, Moran sent a letter to ASI advising that if all amounts past due under the contract were not paid by May 27, 2011 Moran would institute legal proceedings against ASI and the barges to recover all amounts due.

12. ASI has not responded to that letter.

13. The Federal Maritime Lien Act, 46 U.S.C. § 31342 *et seq.*, the general maritime law, and/or the terms of the Contract give Moran a maritime lien on the NEW YORK and NEW JERSEY for the full amount of Moran's claim relating to each barge.

14. Moran is entitled pursuant to Rule C of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure to arrest the barges to perfect its maritime liens and secure its claims.

**WHEREFORE,** Moran respectfully requests that:

a. Plaintiff have judgment against Defendants as requested herein in the total principal amount of $1,239,344, together with interest, attorneys fees and costs;

b. Process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims be issued against the Defendants NEW JERSEY and NEW YORK, their tackle, etc. and placing said barges under the arrest, custody and control of the Marshal of this District;

c. The Defendants NEW YORK and NEW JERSEY, their tackle, apparel, equipment, and all other appurtenances, additions, and improvements belonging thereto be condemned and sold to pay the aforesaid demands and claims relating to each barge, together with interest, attorneys fees, and costs, including all *custodia legis* costs incurred herein with respect to each barge;

d.  A judgment and decree be entered *in personam* against the Defendant American Stevedoring Inc. for any balance due to Plaintiff which is not satisfied by the proceeds of the judicial sale of the barges; and

e.  The court order such other, further, and different relief as the Court deems just and appropriate.

Dated: June 1, 2011

BLANK ROME LLP
Attorneys for Plaintiff

By: _____
Richard V. Singleton II
Alan M. Weigel
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

4

## **VERIFICATION**

STATE OF NEW YORK    )

                               ) ss.:

COUNTY OF NEW YORK  )

Alan Marchisotto, being duly sworn, deposes and says:

       1.     I am vice president of Moran Towing Corporation, the Plaintiff herein.

       2.     I have read the foregoing Verified Complaint and verify that its contents are true to the best of my knowledge, information and belief.

       3.     The sources of my knowledge, information and belief are my own personal knowledge, documents maintained by Moran Towing Corporation, and statements made to me by employees of Moran Towing Corporation.

                                                          Alan Marchisotto

Sworn to before me this
31st day of May, 2011

Notary Public

Daniel Klaben
NOTARY PUBLIC
State of Connecticut
My Commission Expires
October 31, 2013

660736.00606/7026186v.1

12/16/2002 09:54 FAX 212 669 __98    HILL RIVKINS
07/10/00 MON 13:55 FAX ___8351_____    AMERICAN STEVEDORING INC    @008    @017

Moran's Standard Form of Towage Contract
(Lump Sum)

*This Agreement* entered into in the State of Virginia on the 25th day of November, 1998, by and between MORAN TOWING & TRANSPORTATION CO., INC., Two Greenwich Plaza, Greenwich, CT. 06830 party of the first part, (hereinafter called "MORAN"), and

AMERICAN STEVEDORING, INC.
2170 N. FLEET STREET
PORT ELIZABETH, NEW JERSEY 07201

party of the second part, (hereinafter called "SECOND PARTY")

WITNESSETH:

1. MORAN agrees to furnish the services of a tug(s) (hereinafter called the "tug") which will satisfy the reasonable requirements of SECOND PARTY'S Underwriters' surveyors for this towage service, to tow

"BOSTON TRADER" or Equivalent Substitute, subject a "walk around" survey on dock

(hereinafter called the "tow") from and to RED HOOK TERMINAL, BROOKLYN, N.Y.
to such anchorage or place to and from ASI NEW JERSEY TERMINAL, PORT ELIZABETH, N.J.
as may be designated by SECOND PARTY, which the tug and tow can safely reach upon arrival and where the tug can safely lie afloat at all stages of the tide, for the sum of EIGHT HUNDRED FIFTY DOLLARS($850.00) per trip. Tug standby, when ordered, shall be at a rate of TWO HUNDRED DOLLARS($200.00) per hour. An Additional Tug for assistance, if required, shall be at a rate of SIX HUNDRED AND FIFTY DOLLARS ($650.00) United State Currency.

It is agreed that the said towage money shall be to MORAN, without discount, at MORAN'S office, WITHIN 45 DAYS OF RENDERING OF AN INVOICE for the towage herein contracted for.

**FUEL SURCHARGE:**

A fuel surcharge of 3/4% will be added to each invoice for each $.01 per gallon increase in the fuel cost in access of $.57 per gallon. The source for computing the weekly fuel cost shall be Moran's average fuel cost on each Monday. Monday's price will stay in effect for a (7) day period.

**SAILING DELAYS:**

Moran will make best efforts to report to the barge on time to prevent barge departure delays. If, however the barge is delayed sailing because the Tug did not report on time, the Second Party shall notify the first Party of such occurrence. The First Party shall credit the Second Party at a rate of ($200) per hour for departure delays greater than (15) minutes caused by the failure of the tug to report on time. This credit shall be used to offset detention time due to the First Party. Either Party may cancel this agreement at any time after the second such occurrence.

JUL-11-2000 10:53    JBL TRINITY GRP

**DETENTION:**

2. If the tug or tow is detained for any other reason for which neither MORAN nor the tug is responsible, SECOND PARTY shall pay MORAN at the rate of FOUR THOUSAND EIGHT HUNDRED DOLLARS. ($4,800.00) PER HOUR, (hereinafter called the "tug's daily rate of hire") for all time consumed by the tug. Detention shall commence ONE HOUR after the tug(s) are ordered to report.

3. MORAN shall furnish the use of all towing hawsers necessary for this towage service, but, if necessary, MORAN shall be entitled, without expense, to the use of the tow's anchor chain and other available gear.

4. SECOND PARTY shall fit out and maintain the tow for the voyage in a proper and sufficient manner in all respects, and shall comply with all requirements of the tow's Underwriters' surveyors, and SECOND PARTY shall indemnify MORAN, the tug and their underwriters against, and hold them harmless from, any and all loss, damage or liability arising out of, or in any way contributed to by, unseaworthiness of the tow, or by any deficiency in, or failure of, its equipment.

5. MORAN shall not be responsible for any consequences of any act or omission of SECOND PARTY in connection with export or entry declarations in respect of the tow, and SECOND PARTY shall indemnify MORAN, the tug and their underwriters against all loss in consequence of any such act or omission. For any delay caused to the tug thereby, MORAN shall receive additional compensation from SECOND PARTY at the tug's daily rate of hire.

6. In the event that SECOND PARTY does not have the tow ready for towage within (1) hour when the tug reports in accordance with SECOND PARTY'S instructions, ready to undertake the towage service, SECOND PARTY shall pay MORAN additional compensation, at the tug's daily rate of hire for the period of the tug's delay waiting for the tow to be made ready for towage.

7. In the event that the tug is delayed at or entering the port of destination because of low water or obstructed channels, or SECOND PARTY'S failure to provide a suitable berth for the tow, or otherwise to release the tug promptly, SECOND PARTY shall pay MORAN additional compensation, at the tug's delay at the port of destination at the tug's daily rate of hire.

8. If the tug and tow should become separated during the course of the voyage, the tug shall exert reasonable efforts to stand by and render service in saving the tow without making any claim for salvage.

9. At any time during the service, the tug may go to the assistance of vessels in distress for the purpose of saving life or property, call at any port for fuel, repairs, supplies or other necessaries, or to land disabled seamen, but time lost by the tug under such circumstances shall not entitle MORAN to claim additional compensation from SECOND PARTY, except as otherwise provided in Paragraph 7.

10. Any towage to be performed during the season of tropical storms (including hurricanes, typhoons, etc.) is subject to the approval of surveyors representing Underwriters on the tow and it is agreed that MORAN shall receive additional compensation from SECOND PARTY, at the tug's daily rate of hire, for any and all deviation or detention occasioned to the tug by tropical storm conditions (including hurricanes, typhoons, etc.), or reports thereof, during the course of the voyage.

→ 11. MORAN shall have a lien on the tow for the full towing charge and for all additional compensation and charges due it under this Agreement, including cost of recovery of same.

12. MORAN may at any time during the course of this towage service, substitute another tug for the tug which commences this towage service, provided only that such substituted tug satisfies the requirements of the tow's Underwriters' surveyors.

2

13. Moran warrants that it shall exercise due diligence to tender the Tug at the place of commencement in a seaworthy condition, in all respects ready to perform the voyage. Other than the foregoing warranty contained in this paragraph, Moran makes no other warranties, expressed or implied. Any liability of MORAN, the tug or its equipment, or their underwriters, shall be for negligence only, which negligence shall not be presumed, in fact or in law, but must be affirmatively established. This agreement is not, and shall not be construed to be, a personal contract. Any liability of MORAN, or the tug, or their underwriters shall be subject to all limitations of liability under the Limitation of Liability Statutes of the United States (Title 46 U.S. Code Secs. 183-186 inclusive), and for such purpose MORAN shall be conclusively presumed to be the owner of the tug within the meaning of said statutes, and, with respect to any cargo on the tow, MORAN shall have all the rights, immunities and exemptions accorded to vessels, vessel owners and carriers under the Carriage of Goods by Sea Act (Title 46 U.S. Code Sec. 1304).

14. In the event that any officer, director or managing agent of MORAN attends at the scene of the services, or goes on board the tug or tow, and participates in the services, it is understood and agreed that privity or knowledge within the meaning of the Limitation of Liability Statutes of the United States will not be imputed to MORAN by reason of anything done or not done by such person.

15. This Agreement is a contract for towage services and shall not be construed to be a charter of the tug.

16. This Agreement shall be construed, and its performance shall be determined, in accordance with the laws of the United States.

17. All port charges, agencies, taxes (including the Federal Transportation Tax, where applicable), dues, duties and other expenses upon or in connection with the tow and the tug from the time the tug is dispatched to undertake the towage service until the tug returns to her station shall be for SECOND PARTY'S account.

18. MORAN shall have no liability with respect to the services of any assisting tugs, whether negligent or not, which are not owned or operated by MORAN, or with respect to the tow's riding crew, whether or not MORAN arranges for such assisting tugs or such riding crew.

*In Witness Whereof* this Agreement has been duly executed, the day and year first above written.

MORAN TOWING & TRANSPORTATION CO., INC.

Party of the First Part

By ..................... [signature] .....................

Attest:

..................................................

Party of the Second Part

By ..................... [signature] .....................
Keith Catucci
President

Attest: [signature]

3