BLANK ROME LLP
Attorneys for Plaintiff
Richard V. Singleton II
Alan M. Weigel
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORAN TOWING CORPORATION<br><br>Plaintiff,<br><br>-against-<br><br>THE BARGE NEW JERSEY, HER TACKLE, ETC. *IN REM*, THE BARGE NEW YORK, HER TACKLE, ETC. *IN REM*, AND AMERICAN STEVEDORING INC., *IN PERSONAM*<br><br>Defendants. | 11 Civ. 2636 (SLT)<br><br>**ORDER RELEASING VESSEL** |

WHEREAS, on June 2, 2011, the Court Ordered the Clerk to issue Warrants of Arrest for the Barges NEW YORK and NEW JERSEY, their tackle, etc., as prayed for in the Verified Complaint herein; and

WHEREAS, on June 2, 2011, the Clerk issued Warrants for the Arrest of both Vessels, their tackle, etc., to the United States Marshal for the Eastern District of New York; and

WHEREAS, the Barge NEW YORK was arrested by the United States Marshal at Red Hook Terminal on June 3, 2011, and

WHEREAS, the United States Marshal has not executed the arrest of the Barge NEW JERSEY, as it has not yet been found in this District; and

WHEREAS, it appears the Barge NEW JERSEY is or later today will be present in the District and will remain in the District through tomorrow; and

WHEREAS, Plaintiff, unilaterally and in its sole discretion, is willing to allow Defendant American Stevedoring Inc. ("ASI") to continue to temporarily operate with one barge for a limited time, pending ASI's efforts to obtain security for the release of both barges, and it appears the Barge NEW JERSEY has suffered damage and is temporarily unavailable for use by ASI;

NOW, on consent of the attorneys for all the parties hereto, it is

ORDERED

1. The United States Marshal shall forthwith execute the order of arrest on the Barge NEW JERSEY;

2. The barge NEW YORK shall forthwith be released from the custody of the United States Marshal upon satisfaction of the United States Marshal's fees from the Plaintiff's deposit, provided such release shall only be effected after the execution of the warrant of arrest on the barge NEW JERSEY.

3. The arrest of the Barge New York is hereby lifted without prejudice to Plaintiff's rights, in Plaintiff's sole discretion, to arrest it again in the future; and

And it is further

ORDERED, that the United States Marshall be held harmless for any and all expenses incurred during the time of seizure of said vessel.

Entry of above order is hereby consented to. Except as otherwise expressly set forth herein, such consent shall not constitute a waiver of any of the parties' rights with regard to the aforesaid arrests or future arrests.

Dated: New York, NY
June 7, 2011

| | |
|---|---|
| BLANK ROME LLP<br>Attorneys for Plaintiff<br><br>By: _____<br>Richard V. Singleton II<br>Alan M. Weigel<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY 10174-0208<br>(212) 885-5000 | WEISS & HILLER, PC<br>Attorneys for Defendants<br><br>By /s/ Michael S Hiller /smj<br>Michael S. Hiller<br><br>600 Madison Avenue<br>22nd Floor<br>New York, NY 10022-1615<br>(212) 319-4000 |

Dated: June ___, 2011

_____
U.S.D.J.

3