Michael S. Hiller, Esq.
**WEISS & HILLER, PC**
Attorneys for Defendant American Stevedoring, Inc.
600 Madison Avenue
New York, New York 10022
(212) 319-4000
mhiller@weisshiller.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MORAN TOWING CORPORATION,

                Plaintiff,

   - against -                             11 Civ. 2636 (SLT)

THE BARGE NEW JERSEY,
HER TACKLE, ETC. *IN REM*, THE          **VERIFIED ANSWER**
BARGE NEW YORK, HER TACKLE,
ETC. *IN REM*, AND AMERICAN
STEVEDORING INC., *IN PERSONAM*,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT AMERICAN STEVEDORING, INC.** ("American"), as and for its Verified Answer to the Complaint in this action, alleges as follows:

    1.     Paragraph 1 of the Complaint constitutes a description of the action and an allegation of law, neither of which warrants or requires a response; however, to the extent that a response is required, American denies the allegations contained in the aforesaid ¶1 and affirmatively avers that the Court lacks jurisdiction in this action.

    2.     American denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶2 of the Complaint.

    3.     As to ¶4 of the Complaint, American admits only that it has operated the barge NEW

JERSEY ("NEW JERSEY") pursuant to a bareboat charter party agreement, and that the NEW JERSEY is owned and controlled by the Port Authority of New York and New Jersey ("Port Authority"), and American denies the remaining allegations contained in the aforesaid ¶4.

4. As to ¶5 of the Complaint, American admits only that it has operated the barge NEW YORK ("NEW YORK") pursuant to a bareboat charter party agreement, and that the NEW YORK is owned and controlled by the Port Authority, and American denies the remaining allegations contained in the aforesaid ¶5.

5. American denies the allegations contained in ¶¶6, 7, 8, 9, and 10 of the Complaint.

6. As to ¶¶11 and 12 of the Complaint, American admits that a copy of the letter referenced in the aforesaid paragraphs of the Complaint was, in fact, delivered to the guard station leading into American's premises, but was not received by any person of authority, and affirmatively avers that, had the aforesaid letter been delivered to a person of authority, American would have taken action with respect to the same. American denies the remaining allegations in ¶¶11 and 12 of the Complaint.

7. American denies the allegations contained in ¶¶13 and 14 of the Complaint and respectfully refers all questions of law raised therein to the Court.

### FIRST AFFIRMATIVE DEFENSE

8. This Court lacks jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

9. The NEW YORK and NEW JERSEY are owned and controlled by the Port Authority and thus constitute publicly-owned property not subject to arrest under Maritime Law.

### THIRD AFFIRMATIVE DEFENSE

10. The allegation contained in ¶6 of the Complaint that plaintiff has a maritime lien on the barges New York and New Jersey ("Barges") pursuant to a certain Towing Agreement, dated November 25, 1998 ("Towing Agreement"), fails because plaintiff is not a party to the Towing Agreement and thus has no standing to allege breach thereof, or assert maritime liens with respect thereto. The towing company that *is* a party to the Towing Agreement went out of business in 1996, two years before the Towing Agreement was signed.

### FOURTH AFFIRMATIVE DEFENSE

11. Plaintiff's claim for breach of contract fails for lack of privity.

### FIFTH AFFIRMATIVE DEFENSE

12. The Towing Agreement does not pertain to the Barge NEW JERSEY and thus does not constitute a basis to impress a maritime lien against it.

### SIXTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred by the doctrines of estoppel, waiver and laches.

### SEVENTH AFFIRMATIVE DEFENSE

14. Upon information and belief, plaintiff was on actual and/or constructive notice that, under the terms of American's agreement with the Port Authority, no maritime lien could be impressed against the Barges.

**WHEREFORE**, for the reasons stated, American is entitled to and demands judgment over and against plaintiff, dismissing the Complaint, plus attorneys' fees and costs, and any other relief this Court deems just, proper and appropriate.

Dated: New York, New York
July 5, 2011

**WEISS & HILLER, PC**
*Attorneys for Defendant American*
600 Madison Avenue
New York, New York 10022
(212) 319-4000

By: _____
Michael S. Hiller

## ATTORNEY'S VERIFICATION

**MICHAEL S. HILLER**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the firm Weiss & Hiller, PC, attorneys of record for defendant **AMERICAN STEVEDORING, INC.**. I have read the annexed Answer and know the contents thereof, and, to the best of my knowledge, the same are true, except as to those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in our firm's files.

The reason this verification is made by me is that defendant American Stevedoring, Inc. is not in the county wherein our firm maintains its office.

Dated: New York, New York
July 5, 2011

_____
Michael S. Hiller