# WEISS & HILLER, PC
*Attorneys at Law*
600 Madison Avenue
New York, New York 10022
(212) 319-4000

Direct email: mhiller@weisshiller.com
Website: www.weisshiller.com

Telecopier: (212) 753-4530

July 5, 2011

*Via Electronic Case Filing System*

Honorable Sandra L. Townes
United States District Court
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Moran Towing Corporation v. The Barge New Jersey, Her Tackle, Etc., In Rem, The Barge New York, Her Tackle, Etc., In Rem, and American Stevedoring Inc., In Personam*, Case No. 11 Civ. 2636 (SLT)

Dear Judge Townes:

    We represent American Stevedoring, Inc. ("American"), one of the defendants in the above-entitled action.

    Approximately an hour ago, after placing a call with opposing counsel, we were informed that plaintiff delivered to Chambers via email at 10 am this morning an *ex parte* order to arrest The Barge NEW YORK. A few moments ago, the *ex parte* order was uploaded onto the ECF system.

    Please be advised that we intend to file an Order to Show Cause to vacate the arrest of The Barge NEW JERSEY and various orders of, and warrants issued by, the Court pertaining to both the NEW JERSEY and the NEW YORK (the "Barges"). As we intend to show this afternoon, *inter alia*:

- the Barges are publicly owned by the Port Authority of New York and New Jersey and not subject to maritime liens, arrests or seizures;

- plaintiff, Moran Towing Corporation ("MTC"), is not and never has been a party to the Towing Agreement, pursuant to which MTC seeks to impress its alleged maritime liens;

- the company that actually *is* a party to the Towing Agreement with American went out of business two years before the Towing Agreement was signed and executed;

Honorable Sandra L. Townes
July 5, 2011
page 2

- irrespective of the foregoing, MTC has mis-quoted the Towing Agreement, which contains no language, expressly or implicitly, pertaining to the Barge NEW JERSEY; and

- even assuming *arguendo* that MTC had a valid lien against publicly-owned Barges, pursuant to a Towing Agreement to which it is not and never has been a party, entered into between American and a company that went out of business two years before it was signed, the doctrines of laches and waiver would preclude enforcement of the lien.

As part of American's prayer for relief, we also intend to ask for an interim stay of enforcement of all prior warrants and orders of arrest.

We intend to file American's Order to Show Cause this afternoon. During the interim, we respectfully request that the Court refrain from signing the *ex parte* order submitted by opposing counsel.

Thank you for your consideration.

Respectfully submitted,

Michael S. Hiller

MSH:me
c:   Alan Weigel, Esq.
     Michael Geraghty, Esq.