UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MORAN TOWING CORPORATION

               Plaintiff,

  -against-

THE BARGE NEW JERSEY, HER TACKLE,
ETC., *IN REM*, THE BARGE NEW YORK,
HER TACKLE, ETC., *IN REM*, AND
AMERICAN STEVEDORING INC., *IN
PERSONAM*

               Defendants.

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY

         Claimant/Cross-claimant/
            Counterclaimant

  -against-

AMERICAN STEVEDORING, INC. and
MORAN TOWING CORPORATION

        Cross-claim Defendant and
         Counterclaim Defendant.

11-Civ 2636 (SLT)

**VERIFIED ANSWER, CROSS-CLAIM
AND COUNTERCLAIM OF CLAIMANT
THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY**

     Claimant, The Port Authority of New York and New Jersey ("Port Authority"),

the owner of the Barges "NEW YORK" and "NEW JERSEY," for its Verified Answer to the

Verified Complaint of plaintiff Moran Towing Corporation ("Moran"), respectfully states as

follows:

     1.     Port Authority admits the allegations contained in paragraph 1.

2. Port Authority is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Port Authority is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Port Authority admits the allegations contained in paragraph 4, except denies that the NEW JERSEY is otherwise controlled by American Stevedoring, Inc. ("ASI").

5. Port Authority admits the allegations contained in paragraph 5, except denies that the NEW YORK is otherwise controlled by ASI.

6.  Port Authority is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Port Authority is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Port Authority is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Port Authority is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Port Authority is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Port Authority is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Port Authority is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Port Authority denies the allegations contained in paragraph 13.

14.    Port Authority denies the allegations contained in paragraph 14.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint fails to state a cause of action against defendants Barges NEW YORK and NEW JERSEY upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint seeking relief against the Barges NEW YORK and NEW JERSEY and the subsequent claim of a lien on, and arrest of, the Barges NEW YORK and NEW JERSEY are barred by the doctrine of sovereign immunity, qualified or otherwise, which prohibits such relief to be granted against the Port Authority.

## THIRD AFFIRMATIVE DEFENSE

The Port Authority is a municipal corporate instrumentality and political subdivision of the States of New York and New Jersey, created and existing by virtue of the Compact made by and between the two States, and thereafter consented to by the Congress of the United States.  As such, for these purposes, the Port Authority is considered a "state agency". Accordingly (a) this Court may not order the arrest and detention of Barges NEW YORK and NEW JERSEY because they are owned by the Port Authority; and (b) plaintiff is not permitted *in rem* process against the Barges NEW YORK and NEW JERSEY including but not limited to asserting any maritime lien on the barges.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's *in rem* action against the barges NEW JERSEY and NEW YORK are barred by the public policy against the seizure of state property.

## FIFTH AFFIRMATIVE DEFENSE

The lien asserted in the complaint is barred by the Non-Lien clause, clause 18 of the Bareboat Charter Party Agreement between the Port Authority and ASI and pursuant to which the subject Barges were being operated at all relevant times.  The Non-Lien clause provides:

> Charterers will not suffer, nor permit to be continued, any lien or encumbrance incurred by them or their agents, which might have priority over the title and interest of the Owners of the vessels.

*       *       *       *

> [The Vessel] is under charter to American Stevedoring, Inc. and by the terms of the Bareboat Charter Party Agreement neither the Charterer nor its employees has any right, power or authority to create, incur or permit to be imposed upon this vessel any lien, encumbrance, mortgage whether preferred or otherwise, charge, pledge, security interest of claim whatsoever….

## SIXTH AFFIRMATIVE DEFENSE

Port Authority invokes all of the rights and immunities granted to it by or under all applicable charter parties, contracts, and any other applicable law, including but not limited to the general maritime law, none of which are deemed to be waived.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages, if any, as a result of the alleged actions of defendant American Stevedoring, Inc. and thus its alleged liens are barred.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's *in rem* action against the barges NEW JERSEY and NEW YORK are barred by the doctrines of laches and estoppel.

## CROSS-CLAIM

### (Against American Stevedoring, Inc)

Port Authority, as and for its cross-claim against defendant American Stevedoring, Inc. ("ASI"), alleges as follows:

### PARTIES

1.     Port Authority is a body corporate and politic created by Compact between the States of New York and New Jersey with the consent of the United States Congress. It has an office and place of business located at 225 Park Avenue South, New York, New York 10003.

2.     Upon information and belief, defendant American Stevedoring, Inc. is a New York corporation having its principal place of business at 70 Hamilton Avenue, Brooklyn, New York 11231.

### JURISDICTION

3.     This Court has subject matter jurisdiction over this cross-claim pursuant to 28 U.S.C. §1333, and involves an admiralty or maritime claim within the meaning of R. 9(h) of the Federal Rules of Civil Procedure.

### FACTUAL ALLEGATIONS

4.     The Port Authority is a municipal corporate instrumentality and political subdivision of the States of New York and New Jersey, created and existing by virtue of the Compact of April 30, 1921, made by and between the two States, and thereafter consented to by the Congress of the United States.  In general, the purpose of the States of New York and New Jersey in establishing the Port Authority was to provide transportation, terminal and other facilities of commerce within the Port of New York and New Jersey District (the "Port District").

5.     The Port Authority is the owner of two deck barges known as the "NEW YORK," identified with Official Number 900643, and the "NEW JERSEY," identified with Official Number 1033082 (collectively, the "Barges").  Each barge is worth many millions of dollars.

6.     Effective April 2008, the Port Authority entered into a Bareboat Charter Party Agreement with ASI (the "Charter Agreement), a true copy of which is annexed hereto as Exhibit A.

7.     The Charter Agreement permits ASI to charter and use the Barges in the Port District to conduct trans-Hudson container freight service between its Red Hook, Brooklyn, New York marine terminal facility and its Port Newark, New Jersey facility.  (Charter Agreement, § 3).

8.     The Charter Agreement also requires that the Barges not be used by ASI for any other purpose, nor can the Barges be used outside of the area needed to move between the Red Hook marine terminal and the Port Newark facility for any purpose.  It also requires that the Barges be in the full possession of, and under the absolute control of, ASI at all times. (Charter Agreement, §§ 3, 5).

9.     ASI further guaranteed in the Charter Agreement that the Barges would not have any markings indicating ownership or affiliation of the Barges by anyone other than the Port Authority (Charter Agreement, § 10).  The Charter Agreement further requires that ASI conspicuously place and keep posted on each of the Barges a notice stating as follows:

> This Vessel is the property of The Port Authority of New York and New Jersey.  It is under charter to American Stevedoring, Inc. and by terms of the Bareboat Charter Party Agreement neither the Charterer [i.e., ASI] nor its employees has any right, power or authority to create, incur or permit to be imposed upon this vessel any lien, encumbrance, mortgage

6

> whether preferred or otherwise, charge, pledge, security
> interest of claim whatsoever and the Charterers [i.e., ASI] or
> their agents will exhibit a properly certified copy of the
> Bareboat Charter Party Agreement referred to herein, upon
> demand.

(Charter Agreement, § 18).

10.    Pursuant to the Charter Agreement, ASI was required to bear all costs incurred in the operation and maintenance of the Barges and their equipment, and to pay all other costs incidental to the operation of the Barges during the term of the Charter Agreement "including but not limited to towing ...." (Charter Agreement § 12).

11.    In Section 18 entitled "Non-Lien," the Charter Agreement further provides:

> Charterers [i.e., ASI] will not suffer, nor permit to be
> continued, any lien or encumbrance incurred by them or their
> agents, which might have priority over the title and interest
> of the Owners [i.e., the Port Authority] of the vessels....

12.    The Charter Agreement also provides in Section 14 that the Port Authority may, without prejudice to any other right or remedy, re-take the Barges and their equipment, wherever they may be found, and terminate the Charter Agreement if one or more of the following events occur:

> (b)  The Charterer [i.e., ASI] shall fail to keep, perform and
> observe each and every term set forth in this Bareboat Charter
> Party Agreement; or
>
> (c)  The vessel(s) is levied against or taken into custody by
> virtue of legal proceedings in any court because of a lien or
> claim and the Charterer [i.e., ASI] has not caused the
> vessel(s) to be released within (15) fifteen days.

13.    The Charter Agreement specifically provides not only that ASI must indemnify and hold the Port Authority harmless against any lien claim asserted against the Barges or against the Port Authority arising out of ASI's operation of the Barges, but also that:

> Should the vessels be arrested by reason of claims of liens arising out of her operation hereunder by the Charters, the Charterers [i.e., ASI] at their own expense shall take all reasonable steps to ensure that within a reasonable time frame the vessels is [sic] released.

(Charter Agreement, § 18).

14.    Moran alleges that it provided towing services to ASI, including towing both Barges for which the sum of $1,239,344.87 collectively was due and owing for a substantial period of time, which sum has been repeatedly demanded but has not been paid.  More specifically, Moran alleges that the sum of $615,155.78 is due from ASI for towing services performed for ASI upon the barge NEW JERSEY, and the sum of $623,789.09 is due from ASI for towing services performed for ASI on the barge NEW YORK.  According to Moran's complaint, these amounts are outstanding from 45 days to more than six months.

15.    Moran commenced this action on or about June 2, 2011 (the Complaint is indexed as Document No. 1 on the Court's Docket).  By its complaint, Moran seeks to enforce a federal maritime lien against the Barges pursuant to the Federal Commercial Instruments and Maritime Liens Act, 46 U.S.C. §31342 *et seq.*, the general maritime law, and/or various contract rights, for the full amount of Moran's claim relating to each barge.

16.    On or about June 3, 2011, Moran obtained from the Court an *ex parte* Order for the Issuance of a Warrant of Arrest *in rem* against the Barges by which Moran seeks to enforce its lien against the property of the Port Authority to satisfy its unpaid claim against ASI. (The Order of Arrest is indexed as Document No. 4 on the Court's Docket.)  As of the date

hereof, at least one if not both of the Barges has been arrested by the U.S. Marshall and is currently in the possession of the U.S. Marshall or its agent and subject to potential sale to satisfy Moran's lien claim.

17.     The Barge NEW YORK was arrested on or about June 3, 2011 and was in the possession of the U.S. Marshall or its agent and subject to potential sale to satisfy Moran's lien claim.  The Barge NEW JERSEY has suffered damage and is temporarily unavailable for use by ASI.  On or about June 7, 2011, on consent of the parties, the Court entered an Order releasing the arrest of the Barge NEW YORK, in exchange for the arrest of the Barge NEW JERSEY.  (The Order Releasing Vessel is indexed as Document No. 8 on the Court's docket in this action).  Moran agreed to the release of the Barge NEW YORK to permit ASI to continue to temporarily operate with one barge for a limited time, pending its efforts to obtain security for the release of both Barges.

18.     ASI was required, pursuant to the Charter Agreement, to cause the Barge NEW JERSEY to be released at its own expense within 15 days after the issuance of the Warrant of Arrest. (Charter Agreement, §§ 14, 18.)

19.     By email dated June 30, 2011, counsel for Moran notified both the Port Authority and ASI that it intended to seek the issuance of a warrant for arrest of the Barge NEW YORK if it was not paid in full on or before 10 a.m. on July 5, 2011. (A copy of an email dated June 30, 2011 from Richard V. Singleton II, Esq. to Michael J. Geraghty, Esq., counsel for the Port Authority, and Michael S. Hiller, Esq., counsel for ASI is attached hereto as Exhibit B).

20.     When Moran was not paid in full before 10:00 a.m. on July 5, 2011, it requested this Court to enter an Order for Issuance of a Warrant of Arrest of the barge NEW

YORK on July 5, 2011. Before the Order was entered, upon information and belief, ASI removed the barge NEW YORK outside the jurisdiction of this Court.

      21.    ASI has not fulfilled its obligations under the Charter Agreement by, among other things, making payment for all expenses associated with the operation of the Barges, and affixing notices in conspicuous places on the Barges in order to put all persons providing goods or services for the Barges on actual notice that there is a contractual prohibition on liens.

      22.    ASI has informed the Port Authority that it can not afford to pay Moran for past and even ongoing towing fees, and it now appears upon information and belief that ASI has retained an alternate tug company, Dann Marine Towing ("Dann"), to tow the Barge(s). As a result, the Port Authority will be irreparably harmed by ASI's past and continuing breaches because it will be likely that the Barges will be exposed to further liens and orders of arrest.

      23.    Unless ASI pays, bonds or satisfies the Moran lien claims so as to release the Barges therefrom, Moran's liens will endanger the Port Authority's ownership and possessory rights in and to the Barges.

      24.    In addition to the foregoing, ASI has materially breached the terms of the Charter Agreement by failing to keep, perform and observe each and every term of the Charter Agreement and by suffering, permitting to be continued, and not promptly removing every lien or encumbrance upon the Barges which might have priority over the title and interest of the Port Authority in such Barges.

      25.    As a result of ASI's material breaches, the Port Authority notified ASI in writing on July 1, 2011 that it has breached the Charter Agreement in numerous respects, including its failure to release the Moran lien claims and by exposing the Barges to the Moran

lien claims.  (A copy of the Port Authority's notice dated July 1, 2011 is annexed as Exhibit C).

Accordingly, pursuant to §14 of the Charter Agreement, ASI is no longer entitled to possess or

use the Barges for any purpose.

26.    The Port Authority intends to peaceably reclaim possession of the Barges

as soon as any presently existing and threatened orders for the arrest of the Barges by Moran are

vacated.

27.    By letter dated July 1, 2011, ASI's counsel clearly expressed ASI's

intention not to recognize the Port Authority's right to terminate the Charter Agreement and

reclaim possession of the Barges.  (A copy of the July 1, 2011 letter from ASI's counsel to

counsel for the Port Authority is annexed hereto as Exhibit D).  Thus, ASI will likely attempt to

continue to use and operate the Barges as long as they are in ASI's possession.

28.    Upon information and belief, ASI and its affiliated entities are in dire

financial condition.  They are in arrears to the Port Authority for approximately $15 million in

rent for premises leased to ASI by the Port Authority in Brooklyn and Port Newark, New Jersey

as well as other charges for the use of various terminal and port facilities in New York and New

Jersey.  They have allegedly not paid Moran over $1.2 million, and they have reportedly not paid

financial obligations to their workers and/or their union and other vendors and service providers.

29.    Unless preliminary injunctive relief is granted, the Barges belonging to the

Port Authority may be irretrievably damaged or lost.

30.    Unless ASI's continued use and operation of the Barges is preliminarily

and permanently enjoined, and even if any Warrant for the Arrest of the Barges is vacated, the

Port Authority will be subject to the grave risk of other maritime liens asserted against the

Barges in the future by Dann or any other towing company that provides towing services for ASI.

31.     The Port Authority has an ownership and possessory interest in the Barges which it is entitled to protect before this Court.

WHEREFORE, the Port Authority respectfully requests the following relief:

(A)     Preliminary and permanently enjoining and restraining ASI from taking possession of and/or using or operating the Barges NEW YORK and NEW JERSEY or interfering in any way in the Port Authority's reclamation of the Barges;

(B)     Entering an order declaring and adjudging that the Charter Agreement between ASI and the Port Authority was terminated in accordance with its terms;

(C)     Ordering, adjudging and declaring that ASI shall indemnify the Port Authority for all costs and expenses it has incurred in recovering possession of the Barges and their equipment, in connection with responding to the Moran lien claims, and/or by reason of ASI's material breaches of the Charter Agreement;

(D)     Awarding the Port Authority compensatory damages, interest and costs from ASI;

(E)     Awarding the Port Authority reasonable counsel fees from ASI; an

(F)     Such other and further relief as the Court shall deem just, proper and appropriate.

## COUNTERCLAIM

### (Against Moran Towing Corporation)

Port Authority, as and for its Counterclaim against plaintiff Moran, alleges as follows:

### PARTIES

1.     Port Authority is a body corporate and politic created by Compact between the States of New York and New Jersey, with the consent of the United States Congress. It has an office and place of business located at 225 Park Avenue South, New York, New York 10003.

2.     Upon information and belief, Plaintiff Moran is a corporation organized and existing under the laws of New York, having its principal place of business at 50 Locust Avenue, New Canaan, Connecticut 06840-4737.

### JURISDICTION

3.     This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §1333, and involves an admiralty or maritime claim within the meaning of R. 9(h) of the Federal Rules of Civil Procedure.

### FACTUAL ALLEGATIONS

4.     The Port Authority is a municipal corporate instrumentality and political subdivision of the States of New York and New Jersey, created and existing by virtue of the Compact of April 30, 1921, made by and between the two States, and thereafter consented to by the Congress of the United States. As such, for these purposes, the Port Authority is considered a "state agency".

13

5.      In general, the purpose of the States of New York and New Jersey in establishing the Port Authority was to provide transportation, terminal and other facilities of commerce within the Port of New York and New Jersey District (the "Port District").

6.      The Port Authority is the owner of two deck barges known as the "NEW YORK," identified with Official Number 900643, and the "NEW JERSEY," identified with Official Number 1033082 (collectively, the "Barges").  Each barge is worth many millions of dollars and facilitates the operation of the Port District in furtherance of the governmental functions of the Port Authority.

7.      Effective as of April 2008, the Port Authority entered into a Bareboat Charter Party Agreement with ASI (the "Charter Agreement), a true copy of which is annexed hereto as Exhibit A.

8.      ASI guaranteed in the Charter Agreement that the Barges would not have any markings indicating ownership or affiliation of the Barges by anyone other than the Port Authority (Charter Agreement, §10) and, more precisely, that ASI conspicuously place and keep posted a notice reading as follows:

> This Vessel is the property of The Port Authority of New York and New Jersey.  It is under charter to American Stevedoring, Inc. and by terms of the Bareboat Charter Party Agreement neither the Charterer [*i.e.*, ASI] nor its employees has any right, power or authority to create, incur or permit to be imposed upon this vessel any lien, encumbrance, mortgage whether preferred or otherwise, charge, pledge, security interest of claim whatsoever and the Charterers [*i.e.*, ASI] or their agents will exhibit a properly certified copy of the Bareboat Charter Party Agreement referred to herein, upon demand.

(Charter Agreement, §18).

9.      Pursuant to the Charter Agreement, ASI was required to bear all costs incurred in the operation and maintenance of the Barges and their equipment, and to pay all other

costs incidental to the operation of the Barges during the term of the Charter Agreement "including but not limited to towing ..." (Charter Agreement, §12).

10.     Moran alleges that it provided towing services to ASI, including towing both Barges for which the sum of $1,239,344.87 collectively was due and owing for a substantial period of time, which sum has been repeatedly demanded but has not been paid.  More specifically, Moran alleges that the sum of $615,155.78 is due from ASI for towing services performed for ASI upon the barge "NEW JERSEY," and the sum of $623,789.09 is due from ASI for towing services performed for ASI on the barge "NEW YORK."

11.     Moran filed this action on or about June 2, 2011 (the Complaint is indexed as Document No. 1 on the Court's Docket).  By its complaint, Moran seeks to enforce a federal maritime lien against the Barges pursuant to the Federal Maritime Lien Act, 46 U.S.C. §31342 *et seq.*, the general maritime law, and/or various contract rights, for the full amount of Moran's claim relating to each barge.

12.     On or about June 3, 2011, Moran obtained an *ex parte* Order for the Issuance of a Warrant of Arrest *in rem* against the Barges by which Moran seeks to enforce its lien against the property of the Port Authority to satisfy its unpaid claim against ASI.  (The Order of Arrest is indexed as Document No. 4 on the Court's Docket).  As of the date hereof, at least one if not both of the Barges has been arrested by the U.S. Marshall and is currently in the possession of the U.S. Marshall or its agent and subject to potential sale to satisfy Moran's lien claim.

13.     By email dated June 30, 2011, counsel for Moran notified both the Port Authority and ASI that it intended to seek the issuance of a warrant for arrest of the Barge NEW YORK if it was not paid in full on or before 10 a.m. on July 5, 2011. (A copy of an email dated

June 30, 2011 from Richard V. Singleton II, Esq. to Michael J. Geraghty, Esq., counsel for the Port Authority, and Michael S. Hiller, Esq., counsel for ASI is attached hereto as Exhibit B).

      14.     When Moran was not paid in full before 10:00 a.m. on July 5, 2011, it requested this Court to enter an Order for Issuance of a Warrant of Arrest of the barge NEW YORK on July 5, 2011.  Before the Order was entered, upon information and belief, ASI removed the barge NEW YORK to a location outside the jurisdiction of this Court.

      15.     At all relevant times, Moran had actual knowledge that the Barges were owned by the Port Authority subject to a Bareboat Charter Party Agreement.

      16.     Upon information and belief, at all times relevant, Moran had actual notice of the Non-Lien provision in the Bareboat Charter Party Agreement between the Port Authority and American Stevedoring.

      17.     Because the Port Authority is an instrumentality of the States of New York and New Jersey and the Barges have a governmental purpose, this Court may not order the arrest and detention of the Barges because they are public property owned by the Port Authority.

      18.     As a matter of public policy, Moran may not use *in rem* process against the Barges including, but not limited to, asserting any maritime lien on the Barges.

      WHEREFORE, the Port Authority respectfully requests the following relief:

    (A)    Ordering, adjudging and declaring that the purported liens asserted by Moran against the Barges NEW YORK and NEW JERSEY are unlawful and unenforceable against the Barges owned by the Port Authority;

    (B)    Vacating all orders for issuance of a warrant of arrest of the Barges;

    (C)    Vacating and discharging any warrants for arrest for either or both Barges;

(D)   Award to the Port Authority its costs and attorneys fees, pursuant to 46

U.S.C. § 31343(c)(2), and any expenses incurred by the Port Authority in

connection with any substitute security posted to secure any lien claims

asserted by Moran;

(E)   Such other, further and different relief as the Court shall deem just, proper

and appropriate.

Dated:  July 5, 2011

SAIBER LLC

By _____

Michael J. Geraghty
Jeffrey W. Lorell

18 Columbia Turnpike
Florham Park, New Jersey 07932
973-622-3333

*Attorneys for Claimant The Port Authority
of New York and New Jersey*

## **VERIFICATION**

Richard M. Larrabee, being duly sworn, deposes and says:

1.    I am the Director of Port Commerce Department for the Port Authority of New York and New Jersey, for the Owner of the Barges New York and New Jersey.

2.    I am authorized to make this affidavit on behalf of the Port Authority of New York and New Jersey.

3.    I have read the attached Verified Answer, Cross-Claim and Counterclaim and know the contents thereof, and it is true and correct based upon my investigation and the information provided to me by the Port Authority of New York and New Jersey.

Richard M. Larrabee

Sworn to before me this
5th day of July, 2011.

Beverley Ann Thornton

BEVERLEY ANN THORNTON
Notary Public, State of New York
No. 01TH6222080
Qualified in Queens County
Commission Expires May 17, 2014

18