BLANK ROME LLP
Attorneys for Plaintiff
Richard V. Singleton II
Alan M. Weigel
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 0 6 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORAN TOWING CORPORATION<br><br>Plaintiff,<br><br>-against-<br><br>THE BARGE NEW JERSEY, HER TACKLE, ETC. *IN REM*, THE BARGE NEW YORK, HER TACKLE, ETC. *IN REM*, AND AMERICAN STEVEDORING INC., *IN PERSONAM*<br><br>Defendants. | 11 Civ. 2636 (SLT)<br><br><br><br>**ORDER FOR ISSUANCE OF WARRANT OF ARREST *IN REM*** |

WHEREAS, on June 2, 2011, the Court Ordered the Clerk to issue Warrants of Arrest for the Barges NEW YORK and NEW JERSEY, their tackle, etc., as prayed for in the Verified Complaint herein; and

WHEREAS, on June 2, 2011, the Clerk issued Warrants for the Arrest of both Vessels, their tackle, etc., to the United States Marshal for the Eastern District of New York; and

WHEREAS, the Barge NEW YORK was arrested by the United States Marshal at Red Hook Terminal on June 3, 2011, but as of June 7, 2011, the United States Marshal had not executed the arrest of the Barge NEW JERSEY, as it had not yet been found in this District; and

WHEREAS, Plaintiff, unilaterally and in its sole discretion, was willing to allow Defendant American Stevedoring Inc. ("ASI") to continue to temporarily operate with one barge for a limited time, pending ASI's efforts to obtain security for the release of both barges, and

WHEREAS, on June 7, 2011, on consent of the attorneys for all the parties hereto, it appearing the Barge NEW JERSEY had suffered damage and was temporarily unavailable for use by ASI, the Court Ordered the United States Marshal to forthwith execute the order of arrest on the Barge NEW JERSEY and to release the Barge NEW YORK from the custody of the United States Marshal; and

WHEREAS, on consent of the attorneys for all the parties hereto, the arrest of the Barge NEW YORK was lifted without prejudice to Plaintiff's rights, in Plaintiff's sole discretion, to arrest it again in the future; and

WHEREAS, as of this date, ASI has failed to post security in any form for the release of either barge;

It is this 5th day of July, 2011, by the United States District Court for the Eastern District of New York:

ORDERED that the Clerk shall issue a Warrant of Arrest for the Barge NEW YORK, its tackle, etc., as prayed for in the Verified Complaint; and it is further

ORDERED that any person claiming an interest in the property attached pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest should not be vacated or other relief granted; and it is further

660736.00606/7030071v.1

ORDERED that a copy of this order be attached to and served with the said Warrant of Arrest.

Dated: July 5, 2011

                                                        U.S.D.J.

660736.00606/7030071v.1