BLANK ROME LLP
Attorneys for Plaintiff
Richard V. Singleton II
Alan M. Weigel
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 0 8 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORAN TOWING CORPORATION<br><br>Plaintiff,<br><br>-against-<br><br>THE BARGE NEW JERSEY, HER TACKLE, ETC. *IN REM*, THE BARGE NEW YORK, HER TACKLE, ETC. *IN REM*, AND AMERICAN STEVEDORING INC., *IN PERSONAM*<br><br>Defendants. | 11 Civ. 2636 (SLT)<br><br>**CONSENT ORDER STAYING VESSEL ARREST** |

WHEREAS, the Barge NEW JERSEY is presently under arrest in this District; and

WHEREAS on July 5, 2011, the Court Ordered the Clerk to issue a Warrant to re-arrest the Barge NEW YORK and on July 6, 2011, the Clerk issued Warrants for the Arrest of the Barge NEW YORK, and

WHEREAS, the Barge NEW YORK has not yet been arrested; and

WHEREAS, Plaintiff Moran Towing Corporation ("Moran"), Defendant American Stevedoring ("ASI") and Party-in-Interest the Port Authority of New York and New Jersey (the "Port Authority"), desire that execution of the Warrant of Arrest of the Barge NEW YORK be temporarily stayed to allow ASI to continue to operate the barge while the parties attempt to

660736.00606/7035454v.1

reach a resolution of the Moran's lien claims and the parties believe substantial progress has been made in reaching a resolution of such claims; and

WHEREAS, it appears that the interests of justice would be served if the execution of the warrant is temporarily stayed and the matter resolved among the parties without further proceedings in this court;

NOW THERFORE, on consent of the attorneys for all the parties hereto, it is

ORDERED that the execution of the Warrant of Arrest for the Barge NEW YORK, its tackle, etc., is hereby stayed until further request by Plaintiff to lift the stay and execute the warrant of arrest by order of this Court.

And it is further

ORDERED, that the United States Marshall be held harmless for any and all expenses incurred during the time of seizure of said vessel.

Entry of above order is hereby consented to. Except as otherwise expressly set forth herein, such consent is not a discharge of and is without prejudice to Plaintiff's claim of a maritime lien against the Barge New York, shall not constitute a waiver of any of the parties' rights with regard to the aforesaid arrests or future arrests, does not affect the arrest of the Barge NEW JERSEY, and does not constitute a waiver of any defense and/or assertion of rights that ASI and the Port Authority may have in connection therewith.

Dated:   New York, NY
         July 7, 2011

BLANK ROME LLP
Attorneys for Plaintiff

By: _____
Richard V. Singleton II
Alan M. Weigel
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

WEISS & HILLER, PC
Attorneys for Defendants

By: _____
Michael S. Hiller

600 Madison Avenue
22nd Floor
New York, NY 10022-1615
(212) 319-4000

2

Attorneys for the Port Authority of NY and NJ

By: _____
Michael J. Geraghty
44 Wall Street, 12th Floor
New York, New York 10005
(212) 461-2323

Dated:   July 8, 2011

_____
U.S.D.J.

3